IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PHILLIPI S. LOWE,                        )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )        CASE NO. 2:19-cv-328-MHT-JTA
                                         )
STATE OF ALABAMA.                        )
                                         )
                    Defendant.           )

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court for screening prior to service of process pursuant to 28 U.S.C. § 1915(e).  Plaintiff Phillipi S. Lowe, proceeding *pro* se, filed a complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States.  (Doc. No. 1.)  This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate, pursuant to 28 U.S.C. § 636.   (Doc. No. 6.)

For the reasons stated herein, the undersigned finds that this action is due to be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.    STANDARD OF REVIEW

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.   The purpose

of Section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A dismissal pursuant to Section 1915(e)(2) may be made *sua sponte* by the court prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id.* at 324.

A complaint is frivolous where it "lacks an arguable basis either in law or in fact." *Id.* at 325. In other words, a complaint is frivolous when it "has little or no chance of success" – for example, when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Neitzke,* 490 U.S. at 327. "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)); *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."   *Twombly*, 550 U.S. at 555.   While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation."   *Iqbal*, 556 U.S. at 678.   A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' " or if it "tenders 'naked assertions' devoid of 'further factual enhancement.' "   *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).   In short, the complaint must provide a " 'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.' "   *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint.   "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' "   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).   Yet any leniency cannot serve as a substitute for pleading a proper cause of action.   *See Odion v. Google Inc.*, 628 F. App'x

635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action").   "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings."   *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II.   FACTUAL ALLEGATIONS

Plaintiff filed his Complaint, most of which is incomprehensible, on May 5, 2019. (Doc. No. 1.)   While the Complaint was being screened prior to service of process pursuant to 28 U.S.C. § 1915(e), Plaintiff filed two motions to amend his Complaint.   (*See* Docs. No. 8, 9.)   The court denied Plaintiff's first motion to amend as moot (Doc. No. 8), granted his second motion to amend (Doc. No. 9), and now screens his Amended Complaint under 28 U.S.C. § 1915(e).   (*See* Doc. No. 10.)

Plaintiff's Amended Complaint is no simple read.   (Doc. No. 11.)   The Amended Complaint is disjointed and rambling and contains disturbing images of a lynching, the Scottsboro boys and Emmett Till.   (*Id.*)   Nonetheless, the court discerns that Plaintiff challenges the actions taken by employees of the Alabama Department of Human Resources, which he refers to as "Alabama DHR."   (*Id.*)   Although the caption of the Amended Complaint lists the State of Alabama as the sole defendant in this action, it appears that Plaintiff also is seeking relief from the "Alabama DHR."   (*Id.*)   Plaintiff

alleges the "State of Alabama is legally liable" to him for $17,040,000.00 in damages for depriving him of his civil rights because "ill-trained employees" of Alabama DHR conspired under color of law to "criminally falsely incriminate" him of rape and child molestation by using federal law and by committing federal crimes.   (*Id*. at 1-2.)   Plaintiff alleges Alabama DHR employees tried to falsely convict him "because of his race, age, sex, religion, etc."   (*Id*. at 5.)   Plaintiff also alleges that he suffered "15 years of [Alabama] DHR employees['] negligence per se" due to their failure to complete their "jobs owed to special protected groups of the mental retarded and elders in our society." (*Id*. at 5.)

### III.   DISCUSSION

The court has carefully reviewed the Amended Complaint in this case pursuant to 28 U.S.C. § 1915(e).   Upon review, the court finds that Plaintiff seeks monetary relief against defendants who are immune from such relief.

Plaintiff's claims for damages against the State of Alabama and the Alabama DHR are foreclosed by the Eleventh Amendment.   The Eleventh Amendment provides that the "[j]udicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."   U.S. Const. Amend. XI.   "[A] suit in which the State or one of its agencies or departments is named as defendant is proscribed by the Eleventh Amendment."   *Pennhurst State Sch. & Hosp. v. Halderman*,

465 U.S. 89, 100 (1984); *see also Carr v. City of Florence,* 916 F.2d 1521, 1524 (11th Cir. 1990) ("Although the express language of the [Eleventh] [A]mendment does not bar suits against a state by its own citizens, the Supreme Court has held that an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens." (citing *Hans v. Louisiana,* 134 U.S. 1 (1890))).   The principles of sovereign immunity are also embedded in Art. I, § 14 of the Alabama Constitution, which states "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity."   Ala. Const. Art. 1, § 14.

It is "well-settled that Eleventh Amendment immunity bars suits brought in federal court . . . when an 'arm of the State' is sued."   *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (citation omitted).   "Prior state and federal court decisions establish that . . . Alabama DHR [is] entitled to sovereign immunity with respect to all forms of relief asserted against [it]."   *Thomas v. Buckner*, No. 2:11–CV–245–WKW, 2011 WL 4071948, at *6 (M.D. Ala. Sept. 13, 2011).   *See also Hatcher v. Alabama Dep't of Human Servs., Child Support Enf't Div.,* 747 F. App'x 778, 783 (11th Cir. 2018) (finding that State of Alabama Department of Human Services, Child Support Enforcement Division is treated as an arm of the state by Alabama and thus is entitled to Eleventh Amendment immunity); *Kid's Care, Inc. v. State of Ala. Dep't of Human Res.,* No. 01–T–453–N, 2001 WL 35827965, at *1 (M.D. Ala. June 14, 2001) (finding that the Eleventh Amendment "bars all claims against [Alabama DHR] in federal court"); *Ex parte Ala. Dep't. of Human Res.*,

999 So. 2d 891, 896 (Ala. 2008) (holding that Alabama DHR is entitled to sovereign immunity under Alabama Constitution); *Franklin Cty. Dep't of Human Res.,* 674 So. 2d 1277, 1279 (Ala. 1996) (holding that county department of human resources is entitled to sovereign immunity under Alabama Constitution).   Hence, the State of Alabama and Alabama DHR, as an arm of the State, are entitled to sovereign immunity.[1]   Accordingly, Plaintiff's claims alleged against the defendants are barred and are due to be dismissed.

## IV.   CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief against defendants who are immune from such relief.

It is further

ORDERED that **on or before September 2, 2020**, Plaintiff may file objections to this Recommendation.   Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.   Plaintiff is advised

---

[1] Plaintiff asserted his claims against the State of Alabama and Alabama DHR but not against any individual defendant in his or her official capacity.   Notwithstanding, to the extent Plaintiff attempts to assert claims against individual Alabama DHR employees in their official capacities, those claims also must fail.   It is well-established that a suit against a state officer or employee in his or her official capacity is a suit against the official's office and is no different than a suit against the State itself.   *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Jackson v. Ga. Dep't of Transp.,* 16 F.3d 1573, 1575 (11th Cir. 1994) ("Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court.").

that frivolous, conclusive, or general objections to the Recommendation will not be considered.   This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 18th day of August, 2020.


/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE